IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 2 3 2007

JAMES N. HATTEN, CLERK
By: _____
          Deputy Clerk

:NANYA-SHAABU:EL
(HENRY, SEAN WESLEY ℗™)
A091686704
Petitioner

V

ALBERTO GONZALES
U.S. Attorney General

MICHAEL CHERTOFF
Secretary of Homeland Security

RAYMOND A. SIMONSE
Ins field Director

DAVID RIVERA
Immigration Supervisory Deportation Officer

ET.AL.,
RESPONDENTS

CIVIL ACTION NO. _____

1:07-CV-1185

-CAM

## PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO TITLE 28 U.S.C. § 2241

COMES NOW :NANYA-SHAABU:EL, an American Indian Born in Canada, herein after "Petitioner", detained under the corporate-alien name: HENRY, SEAN WESLEY ℗™ (ENRY, SEAN WESLEY)℗™, a detainee of the United States Department of Homeland Security through its particular department: Bureau of Immigration and Customs —

1

Enforcement (DICE). The Petitioner in the above styled
Habeas Corpus action, hereby files and submits this, his
"Petition for Writ of Habeas Corpus" and respectfully petitions
this Honorable Court to issue a Writ of Habeas Corpus under
Title 28 u.s.c. § 2241 and to enter an Order directing the Respondents
to immediately release the Petitioner from the present Constitutiona-
lly and Internationally illegal and unlawful detention.
The instant petition should be granted based on the reasons
stated and tendered below as follows:

## JURISDICTION

This action arises under the Constitution for the United States of
America; Immigration and Naturalization Act (I.N.A.) 8 u.s.c. § 1359
et. seq; Illegal Immigration Reform and Immigrant Responsibility Act
of 1996 (IIRIRA); Pub. Law No. 104-208, 110 Stat 1570;
Administrative Procedures Act (APA); Title 5 u.s.c. § 701 et. seq and
I.N.A. § 289.1-3. This court has jurisdiction under: Title 28 usc.
§ 2241; Title 28 U.S.C. § 1331; May 11 1955 Congressional Record -
Page A3220; Article 55 and 56 Charter of the United Nations.
Petitioner is Presently in the Custody of DHS/I.C.E. under
Maritime/Color-of-law of the Corporate United States (P.L. 89-719).
Such custody violates the Constitution for the United States of America,
and International laws, treaties and Conventions.

2

This court can grant relief pursuant to: Title 28 u.s.c. §2241; 5 u.s.c § 702; the All Writs act; Title 28 u.s.c. §1651; The U.S. Constitution; The United Nations Charter and Presidential Proclamation 7500.

## VENUE

Pursuant to: Article III Sections I and II of the U.S. Constitution; BRADEN V. circuit court of Kentucky, 401 U.S. 484, venue lies in the United States District Court for the Northern District of Georgia, Judicial District where Petitioner is warehoused.

## PARTIES

1. Petitioner is an Indigenous American Indian Born in Canada who was taken into custody on or aboot December 15 2006, by the Bureau of Immigration and Customs Enforcement in Winston-Salem, North Carolina.[1]

2. Respondent Alberto Gonzales is the Attorney General of the United States responsible for: appointing attorney's who act in the capacity as "Immigration Judges" and enforcement of the I.N.A.

3. Respondent Michael Chertoff, is the Secretary of the Department of Homeland Security under Presidential Executive Order 13323 and is duly authorized and responsible for all matters pertaining to the B.I.C.E.

4. Respondent RAYMOND A. SIMOUSE is the Field Director of the Atlanta DHS/I.C.E Office.

---

[1] Petitioners Tribe is the Yamassee Native American Muurs/Moors. Petitioners Clan is the At-sik-hata Clan of Yamassee Native American Moors, United Nations IPO# 2718. Petitioners United Nations PFIID # 1322817.

3

5. DAVID RIVERA is the Atlanta DHS/I.C.E Supervisory Detention Deportation officer (SDDO).

## PART I

## CUSTODY OF PETITIONER BY RESPONDENT

Petitioner is in the Physical Custody of Respondent at the following warehouse: [a] Atlanta City Detention Center, 254 Peachtree Street Atlanta, Georgia 30303; Under Booking No. 07000151; Unit 5NE-204. The Respondent has contracted with the A.C.D.C., to warehouse Immigration detainees such as Petitioner.

## CAUSE OF PETITIONER'S DETENTION

The Respondent(s) is detaining petitioner to remove him from the United States of America to Canada.

## PART II

## STATEMENT OF CASE, PROCEDURAL HISTORY AND OPERATIVE BASIS

At the time of Petitioner's return to the United States of America, Petitioner (Under the Yamassee Name Sean Wesley Henry Bey) was admitted as an American Indian Born in Canada under: Title 8 U.S.C. § 1359; I.NA – § 289.1; § 289.2; § 287.3. The DHS/U.S. Customs agent at the Edmonton International Airport confirmed with the U.S. State Department that Petitioner's Tribe was indeed recognized by the U.S. State Department and Petitioner's documentation was legal. Petitioner declared he was living in Macon, Georgia and his round trip to Canada started at the Hartsfield Airport in Atlanta, Georgia on United Airlines on –

[a] Petitioner was previously warehoused at: Steward Detention Center 146 CCA Road, P.o. Box 248, Lumpkin, Georgia 31815; Unit 50-102.

4

Or about JUNE 15, 2004 and concluded on July 1 2004 in Atlanta, Georgia. On December 15, 2006, Petitioner was taken into custody by The Department of Homeland Security/Immigration and Customs enforcement. Petitioner had no I.d. or documentation Identifying himself as the Corporate-Alien name HENRY, SEAN; nor did Petitioner sign any DHS/I.C.E documentation under the name HENRY/ENRY, SEAN WESLEY. On January 25 2007, in U.S. Immigration court in Atlanta, the Honorable William A. Cassidy stated on the record and on video to Petitioner "I recognize you are flesh and Blood and I understand your position." The Honorable Judge also stated to Petitioner's mate that he "doesn't belong in Jail" on February 26 2007 in U.S. Immigration Court Master Hearing. On March 15 2007, Petitioner Stated on the record and video "the Secured Party and Postmaster is present", to which the Honorable Judge responded "Right", for master hearing in US. Immigration Court on that date. Petitioner stated to U.S. Immigration Court what his true name and Standing is, has sent letters and Certified mail to the Court; clerk; U.S. DHS/ICE litigation-unit and Petitioner's mate has supplied documentation to the US. Immigration court confirming Petitioner is indeed a Native American.

Petitioner was granted Voluntary Departure by the court, despite evidence showing he is exempt from Immigration laws and Procedures.

3 David Rivera Stated to Petitioner at Stewart Detention Center "If you can prove you are a Native American we have to cut you loose- Straight up", when Presented U.S. State Dept document with Signature of U.S. Secretary of State Condoleeza Rice Mr. David Rivera responded by stating "you could have done that on a computer."

Petitioner is an American Indian Born in Canada, possessing 50 per centum or more of the blood of the American Indian Race", thereby making him exempt from U.S. Immigration laws and Procedures[5]. It is evident that both the DHS & Headquarters Post-Order Detention Unit(Washington, D.C.) have decided to continue his detention; since there exists no other administrative forum available to the detained petitioner to acquire the relief that he seeks, the instant Habeas Corpus Petition is Petitioner's only remedy. Accordingly, Petitioner hereby respectfully petitions this Honorable court to issue a Writ of Habeas Corpus and to issue an Order directing the Respondent(s) and the DHS/I.C.E. to Immeadiately release Petitioner from the Present detention. The Operative factual basis will be further developed.

## PART III, GROUNDS FOR RELIEF

### COUNT ONE

The Petitioner is in custody in violation of the Due Process clause of the Fifth Amendment to the Constitution for the United States of America.

### COUNT TWO

The Petitioner is in custody in violation of the 1812 Treaty of Ghent.

### COUNT THREE

The Petitioner is in custody in violation of Article III Clauses I and II of the Constitution for the United States of America.

[4] Title 8 U.S.C. §1359; I.N.A. §289.1; §289.2; §289.3.
[5] Title 8 U.S.C. §1185 (a)(7)(C); See Attachments: pages and Bender's Immigration law and Procedure §10.06. (2007 lexis Nexis Group)

# PART IV   MERITS OF THE GROUNDS FOR RELIEF

## MERIT FOR COUNT ONE

U.S. Immigration Case: OTC-85348, violates the Due Process clause of the Fifth Amendment to the Constitution for the United States of America.

## MERIT FOR COUNT TWO

The 1812 Treaty of Ghent has not been abrogated. The rights of American Indians born in Canada are safeguarded by statute. (45 Stat. 401)

## MERIT FOR COUNT THREE

The Articles of Confederation and Perpetual Union are still valid under Article VI clauses I and II of the U. S. Constitution.

# FACTUAL BASIS

Petitioner upon incorporating herein the facts stated and tendered in the Part II above, hereby specifically states and tenders as follows;

Since DHS/I.C.E. confirmed Petitioner's Tribe, Yamassee Native American Moors/Moors is recognized by the U.S. State Department on June 30, 2004 on or or about 2:40pm at the Edmonton International Airport on his return to America, Petitioner satisfied the burden of Proof required under: Title 8 u.s.c. §1359; §1361 and I.N.A. §289.1-3. Therefore in accord with: Presidential Proclamation 7500; Congressional record May 11 1955, page A32220; 1794 Jay Treaty With Great Britain; 1812 Treaty of Ghent; 1836 Treaty of Marrakesh (Morrocco) and Article VII Clauses I and II of the U.S. Constitution and the 1778 Articles of Confederation - Art. XI, Petitioner is indeed an American Indian Born in Canada and is exempt from deportation and all immigration laws and procedures.

# LEGAL BASIS

In support of his claims Petitioner invokes the following:
"American Indians born in Canada who are within protection of
8 USCS§1359 are not subject to deportation on any ground."
In re Yellow Quill (1978, BIA) 16 I&N Dec. 576

"The right of free passage emanates from the Jay Treaty of 1794
with Great Britain, 3. and was reaffirmed by the Treaty of Ghent at the
conclusion of the War of 1812. 4. That treaty right has not been abrogated 5.
and still safeguards the right of Canadian Indians to pass and repass the
frontier without hindrance."... "American Indian born in Canada cannot be
subjected to any impediment in crossing and recrossing the border."...

"and it is now the administrative view that an American Indian born in Canada
is also not amenable to deportation." ... "the right of free passage only
to persons who possess at least 50 per centum of the blood of the American Indian
race. "[6]

The Due Process clause of the Fifth Amendment to the constitution
for the United States of America as determined by the Supreme Court
in and through Zadvydas v. Davis , 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed
2d 653 (2001). Pursuant to Zadvydas precedent, "[a]fter... 6-month" of an
alien's detention, the Due Process Clause requires the DHS to release
him or her where there is no significant likelihood of Removal in the
reasonably forseeable future." Id., at 701, 121 S.Ct., at 2505.

[6] Akins v. Saxbe (1974, DCME) 380 F. Supp. 1210

8

"Full blooded North American Indian, born in Canada, who married native citizen of Canada of white race, was not subject to deportation to Canada on ground that she was not in possession of immigration visa and passport and that she entered by false and misleading statements." United States ex rell. Goodwin v Karnuth (1947, Dc. NY) 74 F Supp. 660.[7]

Petitioner tenders that based on the facts stated above throughout the Jurisdiction and Part II and "Factual Basis" Section of this Part III, he is exempt from all Immigration laws and Procedures. Consequently, the 1778 Articles of Confederation - Article XI; 1794 Jay Treaty with Great Britain; 1812 Treaty of Ghent and Article III clauses I and II requires the Respondant and DHS / I.C.E and its agents and representatives to Immeadiately release the Petitioner from the current detention. (JAMA v. Immigration and Customs enforcement; 543 U.S. 335; 125 SCt 694; 160 L.Ed 2d 708; 2005 USLEXIS 626)

7

On or about March 27, 2007 in the presence of another unidentified I.C.E Agent and 3 (three) Canadians; I.C.E. Agent Mr. McCarthy Stated to me at the Stewart Detention Center he looked into my file and "there was no record in your file of any entry documentation issued, they traded you as a U.S. Citizen." (Affidavit of I.C.E Agent McCarthy's knowledge of my entry into the U.S. on June 30, 2004 Order I.N.A 5289.1-3 and title 8 U.S.C. 5 1357 Sent by certified mail to U.S. Immigration Court Clerk on April 2 2007 - Certified mail 7005 1160 0004 6377 4762. Affidavit was notarized with Signature of 2 Canadians who witnessed Mr. McCarthy's statement and contained a drop of the blood of the Petitioner in accordwith Title 8 U.S.C 51357 and I.N.A. 5289.1-3.)

9

## PRAYER FOR RELIEF SOUGHT

Wherefore, Petitioner prays that this Honorable Court grant the following relief:

1. Assume Jurisdiction over this matter

2. Grant Petitioner a Writ of Habeas Corpus in accord with Article I Section 9 of the U.S. Constitution, directing Respondents to Immeadiately release Petitioner from a cruel, capritiose, malicious and punitive custody that violates the constitution and laws of the United States.

3. Enter a Preliminary and Permanent injunctive relief, enjoining Respodent from further illegal and unlawful detention of Petitioner.

4. Grant any other and further relief that the law and this court deems just and proper.

Respectfully   Submitted,
: Nanya : El     U.C.C.1-308UccH03
                 Without Prejudice

By: /S/: [: Nanya-Shaabu: El] U.C.C. 1-308 Without Prejudice

: Nanya-Shaabu: El authorized representative for HENRY, SEAN-Cestui Que Trust

UCC# 2007-22194113-01,02

A# 0976 86704; 070001511; 5NE 204

C/O Atlanta City Detention Center
254 Peachtree Street
Atlanta, Georgia 30303

Date: May 16TH ____, 2007.

10

## CERTIFICATE OF SERVICE

I Hereby Certify that a true and complete copy of this Petition for a Writ of Habeas Corpus was sent to the Office of the Clerk, Attn: Clerk _____ UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, 2211 UNITED STATES COURTHOUSE 75 SPRING STREET, S.W.; ATLANTA, GEORGIA 30303-3361.

This item was sent via United States Post Office by Certified Mail # 7001 1940 0004 1159 2025 and placed in the care of Mr. A. Perez of the Atlanta City Detention Center to be put into or dropped at the United States Post Office for Delivery on this 21ST day of May, 2007.

Respectfully Submitted

By: : Nanya: El, U.c.c.l-308 prejudice
: Nanya-Shaabu: El
authorized representative for HENRY, SEAN[TM]
Cestui Que Trust- A#0 97686 704
# 07 000 1511; Unit 5NE 204
C/O Atlanta City Detention Center
254 Peachtree Street
Atlanta, Georgia 30303

11