FILED IN CHAMBERS
U.S.D.C. Atlanta

AUG 1 4 2007

JAMES N. HATTEN, Clerk
By: *Angela L. Quinn*
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| SEAN WESLEY HENRY, a.k.a. | : | |
| :Nanya-Shaabu:El, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-1185-CAM |
| | : | |
| ALBERTO GONZALES, United | : | |
| States Attorney General, et al., | : | |
| Respondents. | : | |

## ORDER

Petitioner, Sean Wesley Henry, who is currently incarcerated at the Atlanta City Detention Center in Atlanta, Georgia, seeks via 28 U.S.C. § 2241 to challenge the constitutionality of his current detention by the Bureau of Immigrations and Customs Enforcement.

**IT IS ORDERED** that the Clerk transmit a copy of the petition and this Order by certified mail to Respondents and the United States Attorney for the Northern District of Georgia. Respondents shall show cause within thirty (30) days of the receipt of this Order why the writ should not be granted; and, in connection

therewith, Respondents shall transmit to this Court such pleadings, transcripts and decisions as are available and required to determine the issues raised.

Petitioner has filed a motion for appointment of counsel. (Doc. 3). In federal habeas corpus proceedings, appointment of counsel is necessary only when due process or "the interests of justice" require it. 18 U.S.C. § 3006A(a)(2)(B); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). In the case at bar, neither due process nor the interests of justice require appointment of counsel at this time. Accordingly, **IT IS ORDERED** that Petitioner's motion for appointment of counsel (Doc. 3) be **DENIED**.

IT IS SO ORDERED, this _13_ day of _August_, 2007.


E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)