**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **SEAN WESLEY HENRY** | : | |
| **(a/k/a NANYA-SHAABU:EL),** | : | |
| | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **vs.** | : | **CIVIL ACTION NO.** |
| | : | **1:07-CV-01185-CAM-ECS** |
| **ALBERTO GONZALES** | : | |
| **United States Attorney General, et al.,** | : | |
| | : | |
| **Respondents.** | : | |

**MOTION TO DISMISS, OPPOSITION TO PLAINTIFF'S MOTIONS,
AND SUPPORTING MEMORANDUM**

COMES NOW Respondents Alberto Gonzales, the Attorney General of the

United States Department of Justice, Michael Chertoff, Secretary, Department of

Homeland Security; Raymond A. Simonse, Field Director, Immigration and Customs

Enforcement ("ICE"), and David Rivera, Immigration Supervisory Deportation

Officer, Department of Homeland Security ("Respondents"), through David E.

Nahmias, United States Attorney for the Northern District of Georgia, and

respectfully move to dismiss the amended habeas petition ("petition") filed by Henry

Sean Wesley (a/k/a Nanya-Shaabu:El) on July 17, 2007.[1]

On August 16, 2007, this Court entered an order for Respondents to show cause

why Petitioner Chen Sean Henry's ("Henry") petition should not be granted.  Doc.

---

[1]  On July 19, 2007, this Court  ordered the case in *Henry v. Gonzales* 1:07-
1438-CAM to be administratively closed after finding that Henry Wesley had
filed a second petition raising the same challenge to his detention.  *Henry v.
Gonzales,* No. 1:07-1438-CAM (N.D. Ga. Jul. 19, 2007) Doc. 3.

(unnumbered).   Respondents received the Show Cause Order on August 20, 2007, making the response due on September, 19, 2007.  Respondents hereby respond to Mr. Henry's petition, and request that Mr. Henry's other motions (Docs. 10-13) be denied for lack of jurisdiction.

## ARGUMENT

**I.    THE PETITION IS MOOT BECAUSE MR. HENRY HAS BEEN REMOVED.**

Mr. Henry was removed back to Canada on June 21, 2007.  *See* Petitioner's Canadian address on docket sheet; *see also* Declaration of Morris I. Onyewuchi, ICE Assistant Chief Counsel, Atlanta District ¶ 15 (attached hereto).  Mr. Henry's removal makes his petition for writ of habeas corpus moot because there is no actual controversy in this case relating to his detention.  Consequently, the Court should dismiss the petition on the grounds that it is moot.

As the Eleventh Circuit has explained, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dept. of Health and Rehab Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000) (*quoting Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)). Thus, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir. 2001).

In his petition Mr. Henry only challenges the lawfulness of his detention prior to removal and not the lawfulness of the removal order.  *See* Amended Petition for Writ of Habeas Corpus.  Doc. 2.  Obviously, issues related to Mr. Henry's removal are now

moot.  *See Soliman v. United States*, 296 F.3d 1237 (11th Cir. 2002) (appeal was rendered moot when alien was removed and returned to his native country.).  Because the detention has ceased with Mr. Henry's removal, this Court cannot provide him with any, let alone meaningful relief.

Moreover, since Mr. Henry has been removed and it is improbable that this same controversy will recur involving him, the "narrow exception" for cases that are "capable of repetition yet evading review" does not apply.  *Soliman*, 296 F.3d at 1243.  That exception can be invoked "only in the exceptional circumstance in which the same controversy will recur *and* there will be inadequate time to litigate it prior to its cessation."  *Id.* (emphasis added).  As shown above, neither basis for the exception exists in this case.

Based on the foregoing, there is nothing for this Court to remedy relating to Mr. Henry's detention even if it were disposed to do so, and no live case or controversy exists following Mr. Henry's release.  Accordingly, Respondents respectfully request this Court to dismiss Mr. Henry's writ of habeas petition on mootness grounds.

## II.   THIS COURT SHOULD DENY PLAINTIFF'S OTHER MOTIONS AND DISMISS THE CLAIMS THEREIN FOR LACK OF JURISDICTION PURSUANT TO THE REAL ID ACT.

In addition to his Amended Petition, Mr. Henry has filed a motion to compel, a motion for summary judgment, a motion for default, and a motion for recoupment. Docs. 10-13.[2]  However, the claims raised by all of those motions appear to challenge the factual circumstances and legal aspects of his removal and should be dismissed

---

[2]   The memorandum in support of Mr. Henry's motion for summary judgment is incomplete and only contains one page.   *See Doc. 12.*

because the Court lacks jurisdiction to review them via a writ of habeas corpus.  In
2005, the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 310, amended 8 U.S.C. § 1252
to eliminate habeas review of final removal orders.  *See* 8 U.S.C. §§ 1252(a)(5), (b)(9), (g)
(as amended by Real ID Act § 106); *see also Balogun v. U.S. Attorney Gen.*, 425 F.3d 1356,
1359-60 (11th Cir. 2005) (explaining Real ID Act's effect on habeas review).  Section
106(a)(2)amended 8 U.S.C. § 1252(b)(9), which now states as follows:

> Judicial review of all questions of law and fact, including interpretation and
> application of constitutional and statutory provisions, arising from any action
> taken or proceeding brought to remove an alien from the United States under
> this subchapter shall be available only in the judicial review of a final order
> under this section.  *Except as otherwise provided in this section, no court shall have
> jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any
> other habeas corpus provision, by section 1361 or 1651 of such title, or by any other
> provision of law (statutory or nonstatutory), to review such an order or such questions
> of law or fact.*[3]

---

[3]   In order to make this point absolutely clear, Congress also enacted
new Section 242(a)(5) of the INA, 8 U.S.C. § 1252(a)(5), as amended by REAL ID
Act § 106(a).  This provision, which is entitled "Exclusive Means of Review,"
states as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory),
> *including section 2241 of title 28, United States Code, or any other habeas corpus
> provision, and section 1361 and 1651 of such title,* a petition for review filed
> with an appropriate court of appeals in accordance with this section shall be
> the sole and exclusive means of judicial review of an order of removal
> entered or issued under any provision of this Act, except as provided in
> subsection (e).

8 U.S.C. § 1252(a)(5)(emphasis added); see also 8 U.S.C. § 1252(g), as amended by
REAL ID Act § 106(a)(making clear that 242(g)'s jurisdictional bar precludes
habeas review and any other review in district court).

Thus, the district courts no longer have habeas jurisdiction to review removal orders under 28 U.S.C. § 2241 or any other provision of law.  See 151 Cong. Rec. H2813, 2837, 109th Cong., 1st Sess, available at 2005 WL 1025891 (May 3, 2005)(stating that the amendment to Section 242(b)(9) of the INA is intended to "clarify that, except as otherwise provided in section 242 of the INA, no court is to have jurisdiction for habeas review or other non-direct judicial review of a removal order or questions of law or facts arising from such an order").

Exclusive jurisdiction for review of final orders of removal now lies in the Courts of Appeals.  8 U.S.C. § 1252(a)(5).  Thus, to the extent Mr. Henry is challenging the lawfulness or any factual findings related to his removal order through the above-referenced motions, those motions should be denied and claims therein dismissed for lack of jurisdiction.[4]

## CONCLUSION

For all of the above reasons, this petition for habeas corpus should be dismissed.

---

[4]  In addition, Plaintiff's motion to compel the production of discovery that is allegedly outstanding in the immigration and state court cases is not properly before this Court. *See Doc. 13 at 1.* ,

Respectfully submitted this 19th day of September, 2007.

<div style="margin-left: 40%;">

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

S/Melaine A. Williams

_____
MELAINE A. WILLIAMS
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 057307
600 Richard B. Russell Bldg.
75 Spring Street, SW
Atlanta, Georgia 30303
(404) 581-6063 (telephone)
(404) 581-6150 (facsimile)

</div>

OF COUNSEL:

MORRIS I. ONYEWUCHI
Assistant District Counsel
Department of Homeland Security
77 Forsyth Street, SW, Room 385
Atlanta, Georgia 30303

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B for documents prepared by computer.

S/Melaine A. Williams
_____
MELAINE A. WILLIAMS
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I certify that on September 19, 2007, I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the Clerk of Court.

I also certify that I have this day served the within and foregoing Motion to Dismiss by depositing a copy thereof in the United States mail, first class postage prepaid, and properly addressed to ensure delivery upon the following:

Sean Wesley Henry
a/k/a Nanya-Shaabu:El
Gd Stn Main
Demonton, AB T5J2G8