## DECLARATION OF MORRIS I. ONYEWUCHI

I, Morris I. Onyewuchi, do declare as follows:

1. I am an Assistant Chief Counsel for the Atlanta office of Immigration and Customs Enforcement, or "ICE", an agency within the Department of Homeland Security ("DHS"). I have held that position since March 1, 2003. Prior to that, I served as the INS Assistant District Counsel in Atlanta since September 8, 2002.

2. In my capacity as an Assistant Chief Counsel, I have reviewed electronic records and the DHS file, number A97 686 704, relating to Henry Sean Wesley, a.k.a: Nanya Shaabu:El ("Petitioner"). Unless stated otherwise, my declaration is based on a review of these records.

3. According to his alien file ("A-file"), Petitioner is a thirty-six year-old male native and citizen of Canada who was last admitted as visitor on June 30, 2004, under the name of Sean W. Henry, with a Canadian Birth Certificate number 08-004-831-71, at the Denver International Airport. A copy of Petitioner's Certificate of Birth is attached as Exhibit A.

4. Petitioner was authorized to remain in the United States for a period of time not or exceed one year from his date of admission into the United States.

5. His A-file shows that, prior to his last entry, he was convicted on November 01, 2000, in the State Court of Putnam County, Georgia, for Simple Battery (family violence; case number 20057-R-222-9). A copy of the State conviction record is attached as Exhibit B.

6. On May 22, 2006, Petitioner was arrested during a traffic stop in which law enforcement officers found a small amount of marijuana and firearm in his vehicle. Petitioner falsely claimed diplomatic immunity as a Canadian-born American Indian, to avoid arrest and prosecution.

7. On November 20, 2006, Petitioner was prosecuted and convicted, in the U.S. District Court, Middle District of North Carolina (case number: 1:06CR171-3), on two counts of violation of Title 18 USC, Sections 915: falsely assumed and pretended to be diplomatic, consular and other officials of foreign government to obtain diplomatic immunity from arrest and prosecution. ). He was sentenced to six months confinement. A copy of the Federal conviction record is attached as Exhibit C.

8. On December 13, 2007, pursuant to ICE Immigration Detainer issued against Petitioner on May 26, 2006, the Bureau of Prisons (BOP) remanded petitioner to ICE custody, for immigration processing. A copy of ICE Detainer is attached as Exhibit D.

9.  On December 15, 2006, Petitioner was interviewed by ICE officials. He was determined to be in the United States in violation of the Immigration and Nationality Act. Consequently, he was issued a Notice to Appear (NTA) as a visa overstay and an alien who has been convicted of a crime involving moral turpitude. ).  A copy of the NTA is attached as Exhibit E.

10.  On or about January 6, 2007, ICE initiated removal proceedings against Petitioner by filing a copy of the NTA with the Immigration Court in Atlanta, Georgia (The Date Stamp should have read 07 JAN 17, not 06 JAN 17). Removal proceedings commence with the filing of the NTA with the Immigration Court. See 8 C.F.R. § 1239.1(a). See exhibit E, *supra*.

11.  On March 15, 2007, Petitioner accepted a final order of voluntary departure, under safeguards, on the condition that he facilitate his prompt departure by providing ICE with his travel documents and ticket to Canada within 20 days of the order.  Petitioner waived appeal.  Petitioner failed to comply with the terms of his voluntary departure.  The voluntary departure, by operation of law, automatically defaulted to a removal order.   A copy of the "Order of the Immigration Judge" is attached as exhibit F.

Petitioner did not appeal any aspect of his case with the Board of Immigration Appeals.  A copy of ICE query of BIA Decisions on the Internet is attached as exhibit G.

12.  On or about May 2, 2007, ICE requested a travel document for Petitioner from the Canadian Consulate General. A copy of the request letter is attached as exhibit H.

13.   On May 9, 2007, the Canadian Consulate General issued ICE a letter authorizing Petitioner's single entry into Canada. A copy of the letter is attached as exhibit I.

On or about May 26, 2007, Canadian Consulate General faxed ICE Petitioner's Registration of Live Birth in Canada.  A copy is attached as part of exhibit I, *supra*.

14.   May 23, 2007, Petitioner files a Petition for *Habeas Corpus* relief from ICE custody.

15. On June 21, 2007, Petitioner was removed to Canada. One copy, each, of computerized DACS Custody Summary Inquiry and Case Closure Summary (CLOS) showing Petitioner's departure date to Canada is attached as exhibit J.

I hereby certify that all the attached copies are true and correct copies of the documents contained in the DHS A-file relating to petitioner. Pursuant to Title 28 U.S. Code, § 1746, I declare under penalty of perjury that the foregoing is all true and correct to the best of my knowledge and belief this 11th day of September, 2007.

Morris I. Onyewuchi,
Assistant Chief Counsel
Immigration and Customs Enforcement
77 Forsyth St. SW, Room 385
Atlanta, GA 30303

# EXHIBIT A





IN THE STATE COURT OF PUTNAM COUNTY
STATE OF GEORGIA

THE STATE OF GEORGIA

vs Sean Wesley Henry

| DEFENDANT | CASE NUMBER 200STE-2229 | TERM OF COURT 11/1/2000 | PLEA/VERDICT GUILTY/NOLO |

| CT# | OFFENSE | FINE | POPTF | JAIL FUND 10% | VAF 5% | DUI CVEF $25.00 | DRUG FUND 50% | SUBTOTAL |
|---|---|---|---|---|---|---|---|---|
| 1 | Simple Battery | 1000.00 | 50.00 | 120.00 | 50.00 | | | 1200.00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | LIBRARY FUND | | $5.00 |
| | | | | | | ATTORNEY FEE | | |
| | | | 3RD DUI | PHOTO | | OTHER | | |
| | | | | | | TOTAL | | 1205.00 |

☐ Sentence to run consecutive to each and all existing sentences
☐ Sentence to run concurrent

☒ MISDEMEANOR SENTENCE

Whereas, the above named defendant has been found guilty of the above stated offense(s), it is ordered by the court that:

☒ 1) The said defendant is hereby sentenced to confinement for a period of _12 mo_ in the County Penal System or such other institution as the court may direct as provided by law. It is further order of the Court:

  ✓ a) THAT the above sentence may be served on probation.

  ___ b) THAT upon service of _____ of the sentence, the remainder may be served on probation.

☐ 2) The said defendant is sentenced to the Putnam County jail for a period of 90 days, or until placement is secured in a Detention/Diversion Center, whichever comes first.

I hereby certify that the within and foregoing Sentence Sheet is a true and correct copy of the original on file and record to the office Clerk of Putnam Co. State Court. This ___ day of Dec 2000

_signature_ Deputy Clerk State Court

☐ FIRST OFFENDER TREATMENT

Whereas, the above named defendant has been found guilty of the above stated offense, and; WHEREAS, said defendant has not previously been convicted of a felony nor availed himself of the provision of the First Offender Act (Ga. Laws 1968, p. 324)

NOW, THEREFORE, the defendant consenting hereto, it is the judgment of the Court that no judgment of guilt be imposed but that the further proceeding are deferred and defendant is hereby sentenced to confinement for the period of _____ and/or placed on probation for the period of _____ months from this date provided that said defendant complies with the following general and special conditions herein imposed by the court as a part of this sentence:

PROVIDED further that upon violation of the terms of probation, or upon release of the defendant by the Court prior to the termination period thereof, the defendant shall stand discharged of said offense charged and shall be completely exonerated of guilt of said offense charged.

☐ GENERAL CONDITIONS OF PROBATION

The defendant, having been granted the privilege of serving all or part of the above stated sentence on probation, is hereby sentenced to the following conditions of probation:

1  (✓) Do not violate the laws of any governmental unit.
2  (✓) Avoid injurious and vicious habits – especially alcoholic intoxication, narcotics, and other dangerous drugs unless lawfully prescribed.
3  (✓) Avoid persons or places of disreputable character.
4  (✓) Report to the Probation supervisor as directed and permit such supervisor to visit him/her at home or elsewhere. AT THE OFFICE OF STATE COURT OF PUTNAM COUNTY
5  (✓) Work faithfully at suitable employment insofar as may be possible.
6  (✓) Do not change his/her present address, move outside the jurisdiction of the Court, or leave the State for any period of time without prior Permission of the Probation supervisor. This ___ day of November 2000
  Deborah Hall
7  (✓) Support his/her legal dependents to the best of his/her ability.
8  (✓) Probation shall, upon oral or written request by any probation officer, produce a breath, urine and/or blood specimen for analysis for the possible presence of foreign substances. Deputy Clerk
9  (✓) Probationer will pay a probation supervision fee of $33.00 per month for Regular Supervision * ( ) $50.00 per month intensive supervision
10  (✓) Probation will terminate upon payment of all fines, fees and restitution and all conditions have been complied with at discretion of probation officer.
11 ( ) Probationer will attend, complete, participate in and pay for (if applicable), the following programs and/or special conditions:
  ☐ INTENSIVE SUPERVISION    ☐ CONFLICT RESOLUTION PROGRAM/non-domestic   ☐ A&D DISCRETION OF PROBATION
  ☐ MENTAL HEALTH COUNSELING   ☐ CONFLICT RESOLUTION PROGRAM/domestic   ☐ JURIS MONITOR FOR _____ MONTHS
  ☐ JAIL TIME _____    ☐ COMMUNITY SERVICE _____ HOURS   ☐ DETENTION CENTER _____ DAYS
  ☐ Probationer shall pay restitution in the amount of $_____ to: _____
12 (X) Other conditions of probation: TO PAY FINE AT DIRECTION OF PROBATION SUPERVISOR.

IT IS FURTHER ORDER OF THE COURT, and the defendant is hereby advised that the Court may, at any time, revoke any conditions of this probation and/or discharge the defendant from probation. The probationer shall be subject to arrest for violation of any condition of probation herein granted. If such probation is revoked, the Court may order the execution of that sentence which was originally imposed or any portion thereof in the manner provided by law after deducting therefrom the amount of time the defendant has served on probation.

IT IS SO ORDERED

DATE 11/1/01      _signature_ STATE COURT JUDGE

CERTIFICATION OF SERVICE

This is to certify that a true and correct copy of this sentence has been delivered in person to the defendant and he/she instructed regarding the conditions as set forth above. Probationer also acknowledges a copy of conditions received and instructions regarding conditions given.

DATE 11/1/00      PROBATIONER _signature_      PROBATION OFFICER _signature_

## PUTNAM COUNTY STATE COURT

State of Georgia
Vs

__Sean Wesley Henry__
(Defendant)

Case Number _2000ST R-2229_

I hereby certify that the within and foregoing
__Bench Trial Verdict__
is a true and correct copy of the original on file and
record in the office Clerk of Putnam Co. State Court
This __4th__ day of __Dec 2006__
__Pamme A. Vining__
Deputy/Clerk State Court

**VERDICT**

After hearing evidence, the Court finds the defendant Not Guilty

of __Simple Battery__

This the _1st_ day of _November_, 2000.

_Jesse Copelan_
Judge Jesse Copelan, Jr.
State Court of Putnam County

FILED IN THE OFFICE
OF STATE COURT OF PUTNAM COUNTY
This _1_ day of _November 2000_
_Deborah Holle_
Deputy Clerk

I hereby certify that this record
of conviction was received
electronically from the court's
record repository.
_Perly SA 12/14/06_
Name, Title      Date



# EXHIBIT C

AO 245B (NCMD Rev. 06/05) Sheet 1 - Judgment In a Criminal Case

# United States District Court
## Middle District of North Carolina

UNITED STATES OF AMERICA

v.

NANYA SHAABU EL

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:  1:06CR173

USM Number:  23117-057

FILED
DEC - 5 2006
Greensboro, N. C.

Defendant's Attorney  Robert L. McClellan

## THE DEFENDANT:

☐  pleaded guilty to count(s)

☐  pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒  was found guilty on counts 1s and 2s of the superseding indictment filed June 27, 2006 after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:915 | Falsely assumed and pretended to be diplomatic, consular and other officials of foreign government | 05/22/2006 | 1s |
| 18:915 | Falsely assumed and pretended to be diplomatic, consular and other officials of foreign government to obtain diplomatic immunity from arrest and prosecution | 05/22/2006 | 2s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☒  Count 1 of the original indictment filed May 30, 2006 is dismissed upon the motion of the defendant without objection of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 20, 2006

Date of Imposition of Judgment

Signature of Judicial Officer

William L. Osteen, United States District Judge

Name & Title of Judicial Officer

December 5, 2006

Date

A True Copy

Teste:

John S. Brubaker, Clerk

By:

Deputy Clerk

AO 245B (NCMD Rev. 09/05) Sheet 2 - Imprisonment                                                                      Page 2 of 6

| DEFENDANT: | NANYA SHAABU EL |
|---|---|
| CASE NUMBER: | 1:06CR171-3 |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Six (6) months.**

**[The defendant shall receive credit for time served]**

☐  The court makes the following recommendations to the Bureau of Prisons:

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district.

    ☐  at _____ am/pm on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 pm on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY

_____
DEPUTY US MARSHAL

AO 245B (NCMD Rev. 06/05) Sheet 3 - Supervised Release                                                                                  Page 3 of 6

DEFENDANT:        NANYA SHAABU EL
CASE NUMBER:      1:06CR171-3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (NCMD Rev. 06/05) Sheet 3c - Supervised Release, Special Conditions                                                                Page 4 of 6

DEFENDANT: NANYA SHAABU EL
CASE NUMBER: 1:06CR171-3

## SPECIAL CONDITIONS OF SUPERVISION

Upon completion of the custody sentence, the defendant shall surrender to a duly authorized ICE official, in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C.§ 1101. If ordered deported, the defendant shall remain outside the United States during the term of supervision and shall not reenter the United States without the permission of the United States Attorney General or the Secretary of the Department of Homeland Security.

AO 245B (NCMD Rev. 05/05) Sheet 5 - Criminal Monetary Penalties                                                      Page 5 of 6

DEFENDANT:      NANYA SHAABU EL
CASE NUMBER:    1:06CR171-3

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties under the Schedule of Payments sheet.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals** | $    200.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| **Totals:** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement:                    $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine and/or   ☐ restitution.

    ☐ the interest requirement for the    ☐ fine and/or   ☐ restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 24, 1996.

AO 245B (NCMD Rev. 06/05) Sheet 5 - Schedule of Payments

DEFENDANT: NANYA SHAABU EL
CASE NUMBER: 1:06CR171-3

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $ 200.00 due immediately

    ☐ not later than _____ , or

    ☒ in accordance with ☐ C, ☒ D or, ☐ E below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in _____ (equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒ Payment in monthly installments of $ 100.00, to commence 60 days after release from imprisonment to a term of supervision until paid in full.

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC 27402, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.



# EXHIBIT D

U.S. Department of Homeland Security

Immigration and Customs Enforcement

# Immigration Detainer – Notice of Action

| NOTE: PLEASE NOTIFY THIS OFFICE AT (336) 631-5359 AS SOON AS POSSIBLE PRIOR TO RELEASE. IN EMERGENCY PLEASE CONTACT (302) 872-6020. | File No. $A$ 97 686 704 |
| | Date: May 26, 2006 |

| To:<br>U.S. Marshals Service<br>324 W. Market St<br>Greensboro, NC 27401 | From:<br>I.C.E – Investigations<br>251 N. Main St #800<br>Winston Salem NC 27101 |

Name of alien:  Sean Wesley Henry, aka Nany Shaabu El      USMS#

Date of birth:  2/20/1971        Nationality:  Canada        Sex:  male

## You are advised that the action noted below has been taken by the Immigration and Customs Enforcement concerning the above-named inmate of your institution:

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

 (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on

 (Date)

☐ Deportation or removal from the United States has been ordered.

## It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of alien. You may notify INS by calling 336-631-5357   During business hours or   (802)872 6020   After hours in an emergency.

☒ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience.         (336)631-5361

 (Area code and facsimile number)

Return fax to attention of    Blythe Quinn, IA    , at    336-631-5361
 (Name of INS officer handling case)         (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release of as far in advance as possible

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by ICE on

 SA Brent Perley        Special Agent
 (Signature of INS official)      (Title of INS official)

| Receipt acknowledged/<br>Signature and title of official: | |

 Form I-247 (Rev 4-1-97)N

# EXHIBIT E



U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: **A097 686 704**
Case No: **XWS0712000002**

In the Matter of:

Respondent: **Sean Wesley HENRY AKA: El, NANYA SHAABU** _____ currently residing at:

USDHS ICE 77 FORSYTH ST., S.W.
ATLANTA GEORGIA 30303 _____ **(404)331-2765**

(Number, street, city state and ZIP code)                      (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

      **See Continuation Page Made a Part Hereof**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

      **See Continuation Page Made a Part Hereof**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____

_____ (Complete Address of Immigration Court, Including Room Number, if any) _____

on **a date to be set** _____ at **a time to be set** to show why you should not be removed from the United States based on the
                    (Date)                (Time)
charge(s) set forth above.

                              THOMAS D. OCONNELL
                              RESIDENT AGENT IN CHARGE
                              _____
                              (Signature and Title of Issuing Officer)

Date: **December 16, 2006** _____           **Cary, NC** _____
                                            (City and State)

### See reverse for important information

# Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before:

Date: _____

_____
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on **December 15, 2006**, in the following manner and in
(Date)
compliance with section 239(a)(1)(F) of the Act:

[X] in person     [ ] by certified mail, return receipt requested     [ ] by regular mail

[ ] Attached is a credible fear worksheet

[✓] Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the **English** _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

UNITED NATIONS CHARTER Article 55, 56
Ti.Nanja-Shaabu: E:© ©M UCC 1-308
without Prejudice
U.S. CONSTITUTION
_____
(Signature of Respondent if Personally Served)

ACCEPTED FOR
VALUE
under Duress
Art. of Confed. 1778
Art. XI

DAVID B. PERLEY
SPECIAL AGENT
_____
(Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N

| Alien's Name | File Number | Date |
|---|---|---|
| | Case No: XWS0712000002 | |
| Sean Wesley HENRY | A097 686 704 | December 16, 2006 |

The Service alleges that you:

1) You are not a citizen or national of the United States;

2) You are a native of CANADA and a citizen of CANADA;

3) You were admitted to the United States at Denver, CO on or about June 30, 2004 as a B-2 VISITOR with authorization to remain in the United States for a temporary period not to exceed June 30, 2005;

4) You remained in the United States beyond June 30, 2005 without authorization from the Immigration and Naturalization Service;

5) You were, on 11/1/2000, convicted in the State Court of Putnam County, Georgia [at] Eatonton, Georgia for the offense of Misdemeanor Simple Battery (Family Violence), in violation of Georgia State law, for which you were sentenced to one year probation;

6) That offense was committed against Khalifa Vancroff, a person who is protected from your acts by the domestic or family violence laws of the United States or any State, Indian tribal government, or unit of local government.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(E)(i) of the Immigration and Nationality Act, as amended, in that you are an alien who at any time after entry has been convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment.

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

| Signature | Title |
|---|---|
| THOMAS D. O'CONNELL | RESIDENT AGENT IN CHARGE |

3 of 4 Pages

Form I-831 Continuation Page (Rev. 6/12/92)




**EXHIBIT G**

# BIA Decisions on the Intranet

## *Search Results*

*If you have any questions or problems viewing an attachment. please contact the EOIR Help Desk
Hotline at (703-305-7347)*

**Your Query:** Search for a BIA Decision based on Alien Number **A97-686-704**

Number of Decisions: **0**.

No records are available. Please click the Search Again link below.

**Search Again**



# EXHIBIT H

U.S. Department of Homeland Security



## U.S. Immigration and Customs Enforcement

Martin Luther King, Jr., Federal Building
77 Forsyth Street, SW
Atlanta, Georgia 30303

May 2, 2007

Consulate General of Canada
Ms. Laurel Currivan, Consular Officer
1175 Peachtree St., NE
100 Colony Square, Suite 1700
Atlanta, GA  30361-6205
Ph. (404) 532-2000    Fax (404) 532-2050

RE:    HENRY, Sean Wesley.
       A 97 686 704



Dear Ms. Currivan,

Please accept this letter as a formal request for issuance of a travel document on behalf of the above-captioned individual.

The above named subject was issued a Notice to Appear and was granted voluntary departure by an Immigration Judge until 4/16/07. The subject failed to depart as ordered and is now deportable. He is now ready for deportation to Canada and arrangements will be made upon receipt of a travel document. Your assistance in providing a travel document will ensure an expeditious return to his native country.

Enclosed please find copies of the Notice to Appear (I-862), order of deportation, Warrant of Removal/Deportation (I-205), the Information for Travel Document or Passport (I-217), and a copy of birth certificate # 1971-08-004831, his criminal conviction and photos.

If I can be of further assistance, please do not hesitate to contact Deportation Officer Kelly Stressinger at (404) 331-2765, ext. 5437.

Sincerely,

Felicia S. Skinner
Acting Field Office Director
U.S. Department of Homeland Security
U.S. Immigration & Customs Enforcement





Canadian Consulate General          Consulat Général du Canada

1175 Peachtree Street N.E.
100 Colony Square, Suite 1700
Atlanta, GA   30361-6205
Tel: 404-532-2000
Fax: 404-532-2050

Consular Section

File: 06-ATNTA-1593608

May 9, 2007

TO WHOM IT MAY CONCERN:

    Please accept this letter as evidence of Canadian citizenship for Sean Wesley Henry, whose photograph appears below.  Mr. Henry was born in Edmonton, Alberta, Canada on February 20, 1971.  The birth registration number is 71-08-004831.

    Mr. Henry is believed to be a Canadian citizen.  This advice is based upon information provided by the bearer and verified by Vital Statistics in Edmonton, Alberta, Canada.  **This letter does not constitute formal proof of Canadian citizenship**.

    Mr. Henry is being deported to Canada by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement.  This letter is valid for one entry only to Canada on or before July 9, 2007.

    TO PORT OF ENTRY: Would you kindly date stamp this letter upon receipt and return it to this office as soon as possible.

Yours sincerely,



Photograph
of Bearer

Laurel Currivan
Consular Officer

Canada

Form DVS 4

**G.R. NO. 50189**

## PROVINCE OF ALBERTA
### DEPARTMENT OF HEALTH
### DIVISION OF VITAL STATISTICS

FOR USE OF THIS DEPARTMENT ONLY

O8- 004931 - 71

# REGISTRATION OF A LIVE BIRTH

| | | |
|---|---|---|
| 1. PLACE OF BIRTH | PLACE | Edmonton, Alberta |
| | STREET AND NUMBER | Misericordia Hospital |

2. PRINT FULL NAME OF CHILD — Surname ... Henry
Given names ... Sean Wesley

| 3. Sex of Child | 4. Single, twin, triplet or other | 5. Are the born alive (if so how?) | 6. Date of birth |
|---|---|---|---|
| Male | Single | Yes | February 20th, 19 71 |

7. TOTAL NUMBER OF CHILDREN BORN TO THIS MOTHER
(a) Number born alive including this birth ... 1
(b) Number living at date of this birth including this child ... 1
(c) Number born dead after twenty weeks pregnancy ... 0

8. (a) Weight of child at birth (lb. and oz. or grams) ... 6 lbs. 10 ozs.  (b) Length of pregnancy in completed weeks ... 42 weeks

9. (a) Name of doctor, etc., or attendance at birth ... Dr. Weir   (b) Address of doctor, etc., in attendance ... 13306 - 87 Ave.

## FATHER

10. PRINT full name ... Henry   (Surname or family name)   Jentay Saiwon   (All given or Christian names in full)

11. RESIDENCE ... # 108 - 10315 - 116 St. Edmonton, Alberta

12. BIRTHPLACE ... San Fernando, Trinidad   (City or place)   (Province or country)   13. Age at time of this birth ... 27 years

14. OCCUPATION
(a) Trade, profession or kind of work, as grocer, teamster, office clerk, etc.   Painter
(b) Kind of industry or business, as agriculture, lumbering, bank, etc.

## MOTHER

15. PRINT full name before marriage ... Grammum   (Surname or family name)   Marie Berninice   (all given or Christian names in full)

16. RESIDENCE ... # 108 - 10315 - 116 St. Edmonton, Alberta

17. BIRTHPLACE ... San Fernando, Trinidad   (City or place)   (Province or country)   18. Age at time of this birth ... 20 years

19. OCCUPATION
(a) Trade, profession or kind of work, as teacher, saleswoman, stenographer, etc.   At Home
(b) Kind of industry or business, as fertilizer, retail, law office, etc.   (If "Housewife" in her own home answer "At Home")

Marginal notations: (Department use only)   Corrected Sec 4   2/11/73

I certify the foregoing to be true to the best of my knowledge and belief.

Given under my hand at ... Edmonton   Date ... February 23rd 19 71

(Signature of informant) ... Marie Henry   (Relationship to child) ... Mother

(Full Post Office address of informant) ... # 108 - 10315 - 116 St. Edmonton, Alberta

(This space for use of District Registrar only)

I hereby certify that the above return was made to me at ... Edmonton

on the ... 25th   day of ... February   19 71

830   J. Cairtliq (signed)   (Registration Number)   (Signature of District Registrar)

(See reverse side for instructions)

8834—5.14; 21-4-70

With the typewriter fill in the blanks with writing black ink or use a typewriter. Do not abbreviate. Answer all questions.

This form is signed by a member on which is printed "Department" in the margin, giving the name properly addressed to the member, giving full post office address through the mail "SEE"



A-NUM: 097686704       LAST NAME: HENRY
DCO: ATL              FIRST NAME: SEAN WESLEY              NATLTY: CANAD

     CHG-DCO-ISSUED: 12/18/2006      DATE-WA-ISSUED:
     CHG-DCO-SERVED:              DATE-WA-SERVED:
                                     CONSUL-NOTIF:

     BOND-AMT-REQUIRED:           BOND-TERM-STATUS:
     BOND-AMT-POSTED:             DATE-BOND-POSTED:

     STAT-RECOG-SUPER:             DATE-STATUS-RECOG-SUPER:

     DET-LOC-ID: ATLANGA           DATE-BOOKED-IN: 04/21/2007
     DATE-RELEASED: 06/21/2007       RELEASED-TO: DEP

     DATE-ENTERED:   04/23/2007       VR-USM:
     DET-FAC-TYPE:   NSD             DET-DCO: ATL

                                           PF7 - DET LOC ID LIST

                 COMMAND: CUST      A-NUM: 097686704
NO BOND DATA               FIRST PAGE OF DATA

A-NUM: 097686704     LAST NAME: HENRY               CASE-CAT: 3
DCO: ATL               FIRST NAME: SEAN WESLEY


DATE-DOCKET-CLEARED: 06/21/2007     DEPART-CLEARED-STAT: 6

TRANSFER-TO-DCO:            DATE-DOCKET-TRANSF:              FCO:

DATE-DEPARTED: 06/21/2007     PORT-DEPARTED: ATL      DEPART-CNTRY: CANAD

FINAL-CHARGE: R2E1         EXPENSE-CODE: 1      CLOSED-BY: LOS0155B

DATE-ENTERED: 01/11/2007     DATE-LAST-UPDATE: 06/21/2007

                 PRINTER-ID IS NOW OPTIONAL. HOWEVER; IF YOU STILL WANT A
PRINTER-ID:       PRINTOUT OF THE CASE ON A CLOSE THEN USE PRINTER-ID.
                 PF7 - DCO LIST FOR TRANSFERS

                 COMMAND: CLOS     A-NUM: 097686704