**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

| | |
|---|---|
| [ SEAN WESLEY HENRY ] | : |
| ( Cestui que trust) | : |
| ( a/k/a NANYA-SHAABU:EL ) | : |
| Petitioner | : |
| | : |
| vs. | : |
| | : |
| ALBERTO GONZALES | : |
| United States Attorney General | : |
| et al. | : |
| Respondents. | : |

OCT 1 1 2007

JAMES N. HATTEN, CLERK
By:

**CIVIL ACTION NO.
1:07-CV1185-CAM-E**

## MOTION TO VACATE RESPONDENTS MOTION TO DISMISS, NEGATIVE AVERMENT IN SUPPORT OF THE PETITIONER'S MOTIONS.

COMES NOW the Petitioner, by special appearance, referred to in this cause

as the cestui que trust/Fictitious Corporation SEAN WESLEY HENRY ©TM,

("Petitioner/Plaintiff") [:Nanya-Shaabu:El], by and through the Postmaster

[:Nanya-Shaabu:El:® ], who respectfully delivers to this Honorable Court, in

answer to the Respondents: Alberto Gonzales, the Attorney General of the United

States Department of Justice, Michael Chertoff, Secretary, Department of

Homeland Security; Raymond A. Simonse, Field Director, Immigration and

Customs Enforcement ("ICE"), and David Rivera, Immigration Supervisory

Deportation Officer, Department of Homeland Security ("Respondents"), through

David E. Nahmias, United States Attorney for the Northern District of Georgia, the

following motion to vacate the Respondents motion to dismiss filed on

1

September 19,2007. [1] The Petitioner accepts the Respondents motion for value,

honor and consideration, in accord with the Uniform Commercial Code (U.C.C.)

§1-103 [2] , §3-419, §3-501 and returns this motion for discharge, closure and

settling of this account and case under Title 50A U.S.C. Appendix § 7(c), §7(e) §9,

§ 12(The Trading with the Enemy Act of 1917), House Joint Resolution

192(Public law 73-10), Title 31 U.S.C. §5118 d(2) and that the Respondents

motion be vacated on the grounds of acquiescence, confessed judgment, fault and

default (Docs. 10-13) committed by the Respondents.

I. THE PLAINTIFF ACCEPTS FOR VALUE, HONOR AND CONSIDERATION
## THE ARGUMENT OF THE RESPONDENTS

A) The Petitioner was smuggled out of America to the country of Canada, by the

   USDHS/I.C.E. on June 21 2007, without any travel document issued in accord

   with U.S. Immigration Laws, by the country of Canada to verify whether he is in

   fact a Citizen of Canada.

---

[1]  On September 19, 2007, Melaine A.Williams filed Document Number 15 on
9/19/2007 in the United States District Court for the Northern District of Georgia, in
response to the Petitioner's habeas corpus filed on May 23, 2007 and the Courts Order
of August 13, 2007.

[2]  UCC § 1-103.  (b) Unless displaced by the particular provisions of [the
Uniform Commercial Code], the principles of law and equity, including the
law merchant and the law relative to capacity to contract, principal and
agent, estoppel, fraud, misrepresentation, duress, coercion, mistake,
bankruptcy, and other validating or invalidating cause supplement its
provisions. http://www.law.cornell.edu/ucc/1/article1.htm

The Petitioner is a transient and a sojourner in Canada as the General Delivery "*address*" ( which the Petitioner uses to receive mail), is defined by Black's Law 8th Edition to mean: " *n.1. The place where mail or other communication is sent.*" This confirms that the petitioner is not a resident of Canada nor does the petitioner live there. The use of this address to receive the Court's filings does not imply, nor can it mean that the Petitioner lives in Canada, is a Canadian citizen or a resident of that Country. This civil action was originally filed on May 23, 2007(see Doc.1); under local rules there is a ten(10) day response time allowed (seventeen by mail , LR 6.1, (Fed. Rules of Civ. P. 6(e)), there was no response from the Respondents until September 17, 2007 ( and the court until the August 13, 2007 Order), this length of time is more than sixty(60) days after the habeas corpus was originally filed. The Respondents filed no motion for an extension of time since May 23, 2007. Since such events have occurred, the Petitioner accepts for value and consideration the Respondents statement that " *there is no actual controversy in this case relating to his detention*" as the Respondents time to rebut, argue, object or respond by motion, against the Petitioner's habeas corpus filing had already expired prior to September 19, 2007 and Aug 13,2007; therefore the Respondents have no remedy or relief available to them. In accord with Fed. Rules Of Civ. P. LR 6.1, (Fed. Rules Civ.P. 6(e)), under Rule 55, there must be a default judgment entered by the court against the Respondents for failure to respond in the time allowed, as there was no objection by

3

the Respondents to the petitioner's motions (See. Doc. 10-13).[3]  Therefore all the

Petitioner motions and claims must stand as entered and this court does have

jurisdiction in this matter under Title 28 U.S.C. §1333 and Title 50 U.S.C. Appendix

§7(c), §7(e)(1917 Trading with the Enemy Act).

On August 13, 2007 an order was filed in Chambers by the Honorable E. Clayton

Scofield III, wherein the Court states:

*"Petitioner, Sean Wesley Henry, who is currently incarcerated at the Atlanta City
Detention Center(A.C.D.C.) in Atlanta, Georgia, seeks via 28 U.S.C. §2241 to
challenge the constitutionality of his current detention by the Bureau of
Immigrations and Customs Enforcement."*

 The Petitioner wrote the Court on August 27, 2007 ( postage stamps of which

were cancelled by Canada Post on August 30,2007 and Autographed by the

Postmaster [:Nanya-Shaabu:El:®] ) to notify, inform and give knowledge to the

Court, that the Petitioner was not in the A.C.D.C. but was in Canada, thereby

making it known that incorrect information was communicated to the Court and

the Clerk and it was not reflected correctly in the docket regarding the whereabouts

of the Petitioner. The August 13, 2007 order of the Court issued was the first

communications the Petitioner had received from the United States Clerk's office

and the Court since the habeas corpus was originally filed on

May 23, 2007( see Doc. 1) and that the communication of August 14 2007, was the

---

[3]  default judgment filed on September 21, 2007. See: Doc.10-13; Exhibit Y.

first communication the Petitioner received, contrary to Fed Rules of Civil Procedure on Court filings time.

B) The Petitioner challenged and made claims regarding the unlawfulness and unconstitutionality of his detention prior to, during, before and after the removal order. Under Title 8 U.S.C. § 1359, the Petitioner is an American Indian born in Canada, " *possessing 50 per centum or more of the blood of the American Indian Race.*" , further, this fact and claim has not been refuted or counterclaimed by any of the Respondents at anytime before and after this habeas corpus was filed by the Petitioner. See Exhibits K, Q, U, V.

The Immigration court was not presented with any document by the Respondents to discredit the Petitioner's claim as an American Indian born in Canada, and recognized by the United Nations as such(See Exhibit S ).The Respondents have not disputed or objected to any of the following: " *American Indians born in Canada who are within protection of 8 U.S.C. § 1359 are not subject to deportation on any ground.*" In re Yellowquill ( 1978, B.I.A.) 16 & I & N Dec.576, see Akins v. Saxbe 1974, DCME, 380 F. Supp.1210).

C) The Petitioner filed a Motion to vacate removal proceedings against him in Immigration case 07C-85348, and received no response, objection or rebuttal from the Respondents. By the fault and default of the Respondents, they concede that the Petitioner is in fact an American Indian Born in Canada and is

5

thus protected by Congressional Record May 11 1955 Page A3220 [4], United

Nations Convention on Economic Social and Cultural Rights(ECOSOC) 2200A

Dec. 16,1966 (Immigration and Nationality Act) [5], I.N.A. § 289.1, 289.2,

289.3, 45 Stat. 401, 1778 Articles of Confederation Art. XI, Articles V and

Article VI clauses I and II of the constitution for the united states of America.

See Affidavit of I.C.E. Officer McCarthy [6].

D) " *Full blooded North American Indian, born in Canada, who married native
citizen of white race, was not subject to deportation to Canada on ground
that she was not in possession of immigration visa and passport and that she
entered by false and misleading statements*". United States ex rel. Goodwin
v. Karnuth (1947, DCNY) 74 F. Supp. 660) [7].

The Respondents have not presented in the Immigration Case, the declaration of

MORRIS I. ONYEWUCHI and the exhibits of MELAINE A. WILLIAMS, the

alleged Canadian Passport, the I-94, documentation allegedly presented to the

Petitioner which stated he was admitted as a 'visitor' ( B-1, B-2 Visa) and was

given 1 year to leave the U.S., and the entry visa granted by the United States.

---

[4]   I.N.A §289.1,§289.2,§289.3. See Exhibits D, F, H.

[5]   (62 FR 10312 Revised effective 4/1/97;)
http://www.uscis.gov/propub/ProPubVAP.jsp?dockey=66005f0518cfe1884549
853cfa12fd12 .

[6]   See Exhibit O.

[7]   § 10.06 – Immigration law and procedure. " and it is now the administrative
view that an American Indian born in Canada is also not amenable to Deportation."

The Respondents have shown no evidence or documents supporting the allegations of the I-862, therefore the fundamental fact that the Respondents cannot produce those documents at the point of the alleged '*entry*' is a confirmation and confessed judgment against the Respondents that those allegations stated on the I-862 Notice to Appear, are in fact without foundation, without merit and thus cannot be proven by the Respondents.

E) Presidential Documents, Presidential Proclamation 7500 in part:
" *we will protect and honor, tribal sovereignty…*"

F) According to: 71 FR 68412 "*A passport is otherwise required for Canadian citizens arriving in the United States by aircraft.* (Revised effective 1/23/07; *Note:* the Petitioner was returning to his home in Georgia from Canada on United Airlines on June 30,2004). See Exhibit O.

The 1812 Treaty of Ghent, which has reinforced the Jay treaty of 1794 with Great Britain, has not been abrogated and is protected by Statute; 45 Stat. 401.

The due process clause is mandatory under the fifth amendment and Title 18 U.S.C. *§241, §242. "The essential elements of due process of law are … Notice and the Opportunity to defend.", "Not only applies when one's physical liberty is threatened, but also where a person's good name, reputation, honor and integrity are at stake.", Simon vs. Craft, 182 US 427; "There should be no arbitrary deprivation of life or liberty" Barbour v. Conally 113 U.S. 27,31; Yick Wo v. Hopkins 118 U.S. 356.*

G) The claim by the Petitioner that Canada is already a part of the United States, has not been refuted or objected to by the Respondents. Under the 1778 Articles of Confederation in Article XI, Canada is already a part of the United States.

See Exhibit Z.

H) "*An unconstitutional act is not law. In the case of Norton v. Shelby County, 118 US 425 ..., Mr. Justice Field, speaking for the Supreme Court of the United States, made the following concise summation of the term 'unconstitutional act':*

*'It confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.'*

I) " *The enacting clause is that portion of a statute which gives it jurisdictional identity and constitutional authenticity.*" Joiner  v. State, 155 S.E. 2d. 8, 10, 223 Ga. 367 (1967).

## II. THIS COURT HAS JURISDICTION PURSUANT TO TITLE 28 U.S.C.§1333 AND TITLE 50A U.S.C. §7(c), §7(e), §9, §12

The Petitioner accepts for value, honor and consideration the

Respondents statement that " ... *the Court Lacks Jurisdiction to review*

*them via habeas corpus* ". What must be considered in this matter is

that the Supreme Court of Georgia asserted that a statute must have an

enacting clause, even though their State Constitution had no provision

for the process. The Georgia Court stated that an enacting clause

establishes a law or statute as being a true and authentic law of the

State. Therefore State of Georgia case no.200057-ST-R-222-9 is void

*ab initio* for lack of an enacting clause from the State Legislature of

Georgia, creating a double jeopardy violation, which is contrary to the

fifth amendment of the constitution in the Immigration proceedings of

case 07C-85348. Under the maritime law of boxing and the U.S.

Federal Styles Manual, the I-862 charging instrument cannot be

considered, as the information is in an enclosed area [box], and the

alleged plaintiff in the Immigration case is a fictitious plaintiff which is

a contempt of court. The Respondents have failed to show any

congressional law with an enacting clause of congress to support their

argument.

" In the Seat of Government Case, 1 Wash. T. 115 it was held that a
statute without an enacting clause was void, although there was no
constitutional provision requiring it.  Mr. Cushing states the rule to be
this: '*An enacting clause is necessary to the validity of every statute,
whether required by the constitution or not; and, where the enacting
words are prescribed, nothing can be a law which is not introduced by
those words, even though others which are equivalent are at the same
time used.*  Where the enacting words are not prescribed by the
constitutional provision, the enacting authority must, notwithstanding,
be stated, and any words which do this to a common understanding are
doubtless sufficient; ... Cush. Parl. Law section 2102." *Sjoberg* v.
*Security Savings & Loan Assn.* Supra.

The Respondents have not given a definition of the United States, United States of

America or district court of the United States, (Admiralty, equity, civil or

criminal), to describe its operation in the State and Immigration cases. The

Respondents have also failed to define the 'United States'. According to Title 28,

Part VI, Ch. 176,Subchapter A § 3002 "As used in this chapter:

(2) *"Court" means any court created by the Congress of the United States,
excluding the United States Tax Court."*

Further, Article III Section 2 of the federal Constitution grants the Supreme Court

and other inferior courts the privilege of hearing cases in common law, equity law,

and admiralty/maritime jurisdictions.

*"The exclusive jurisdiction which the United States have in forts and dock-yards ceded to them, is derived from the express assent of the states by whom the cessions are made. It could be derived in no other manner; because without it, the authority of the state would be supreme and exclusive therein," 3 Wheat., at 350, 351.*

*" The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize."* [8]
http://www.access.gpo.gov/uscode/title28/partiv_chapter85_.html

TITLE 50A U.S.C.§ 7 (e) *" No person shall be held liable in any court for or in respect to anything done or omitted in pursuance of any order, rule, or regulation made by the President under the authority of this Act [sections 1 to 6, 7 to 39, and 41 to 44 of this Appendix].*
http://www.access.gpo.gov/uscode/title50a/50a_2_1_.html

The petitioner has emailed, faxed and written certified mail to the true Alien

Property Custodian which is Juan C. Mendez Torres, Head of Contract

Settlements, the Secretary of the Treasury of Puerto Rico and the Trustee on the

Bankruptcy of the United States, therefore the claims and affidavits on file in

immigration case 07C-85348 and this civil case have been forwarded to the Alien

Property custodian for posting full settlement and closure of these cases and

accounts. In addition to the Respondents failure to define the United States,

---

[8]   TITLE 1 > CHAPTER 2 > Sec. 101. Next Sec. 101. - Enacting clause
The enacting clause of all Acts of Congress shall be in the following form: "Be it enacted by the Senate and House of Representatives of the United States of **America** in Congress assembled.' http://www4.law.cornell.edu/cgi-bin/htm_hl?DB=uscode1&STEMMER =en&WORDS=america+&COL.

the Respondents also fail to define what process or law with an enacting clause

confirms that this Court lacks jurisdiction. The following title defines the Judicial

process as follows: Title 48 § Sec. 874. - Judicial process; officials to be citizens of

United States; oath " *All judicial process shall run in the name of "United States of*

*America, ss, the President of the United States", and all penal or criminal*

*prosecutions in the local courts shall be conducted in the name and by the*

*authority of " The People of Puerto Rico.*" ( *http://www4.law.cornell.edu/cgi-*

*bin/htm_hl?DB=uscode48& ST EMMER =en&WORDS =united* )

The Respondents choose to invoke Fed. Rules of Civ. P. Rule 12(b)6, lack of

jurisdiction, however, that applies only to citizens of the 50 states, Title 28, Part

VI, Ch. 176, Sub- chapter A § 3002 states the following:

" *(15) "United States" means— (A) a Federal corporation; (B) an agency,*

*department, commission, board, or other entity of the United States; or (C) an*

*instrumentality of the United States.* " Also, Title 48 §1541 defines the difference

between the United States and the United States of America ( with the Virgin

islands being an unincorporated territory of the United States of America), also in

accord with Title 18 U.S.C.§ 2: *"As used in this agreement:"(a) 'State' shall mean*

*a State of the United States; the United States of America; a territory or possession*

*of the United States; the District of Columbia; the Commonwealth of Puerto Rico.* "

Therefore the United States of America is considered a "State" which is under

United States ( the D.C. Act of 1871) control, making it (U.S.A.) a Federal Zone

and thus granting jurisdiction to this district court, admiralty court and Article III

court in this matter. The following citations are hereby delivered and defined as

follows: <u>U.S. v. Will, 449 U.S. 200 (1980)</u>

"*In another, not unrelated context, Chief Justice Marshall's exposition in Cohens v. Virginia, 6 Wheat, 264 (1821), could well have been the explanation of the Rule of Necessity; he wrote that a court "must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution. We cannot pass it by, because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. **We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. <u>The one or the other would be treason to the constitution</u>**.*"

<u>Hagans v. Lavine, 415 U.S. 533 (1974)</u>

"*Jurisdiction . . . is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.*" Id., at 682 (citations omitted).

The Petitioner did not amend the petition, ( See Exhibit Y), but made an addendum by filing a motion for appointment of counsel under title18 U.S.C. §3006, as the Petitioner was unaware the motion for appointment of counsel and applications should have been originally included with the writ of habeas corpus ( see Doc. 1, 3).

J) The Respondents statement " *it is improbable that this same controversy will recur involving him* " is accepted for value, honor and consideration by the Petitioner, as it contradicts the Respondents argument on page 2 , where the Respondents state " *there is no actual controversy in this case relating to his detention.* " The statement by the Respondents that " *there is no actual controversy in this case relating to his detention*" is an admission by the Respondents, that the Petitioner is an American Indian Born in Canada and protected by Statute, 45 Stat. 401, I.N.A. § 289.1, Title 8 U.S.C. § 1359 and is not subject to immigration law and procedure.

Due to the expiration of time, by the Respondents, to respond to the Petitioner's motions and claims filed in the United States District Court for the Northern District of Georgia, all motions and claims filed by the Petitioner must be accepted for value, honor and consideration and entered into the record for full discharge, settlement and closure of the accounts and cases. These cases and accounts are pre-paid and exempt from Levy under Rule 8 of the Fed Rules of Civ. P. (see also Fed. Rules of Civ. P.  9, 24 and U.C.C §1-103, §3-305, §3-306).

<div align="center">Conclusion</div>

For all the above reasons, negative averments and exhibits enclosed, this motion must be granted as the Petitioner has stated numerous claims upon which relief may be granted (Fed.Rules of Civ. P.  Rule 13, 24) . The fact that the Respondents

cannot produce any of the alleged documents for the I-862 NTA and the Exhibits section of their motion [9], which is the basis for their complaint, proves that the grounds for the vacation against the Respondents Motion to dismiss exists in this case. [10]

## Relief Sought

Dismissal of the Respondents Motion, with prejudice , Under Rule 9, 13, 24 of the Fed.Rules of Civ. P.; full sole relief and remedy as described in Title 50A U.S.C. §7(c),7(e), §9, §12, (see. Doc. 10-13) and any and all other relief as is just and proper.          Respectfully submitted this 10th day of October, 2007.

[:Nanya-Shaabu:El:®]U.C.C.1-308 Without Prejudice

_____

*In Propria Persona*
Postmaster, Bailor and Secured party
United Nations IPO# 2718
C/O GD STN MAIN, EDMONTON, AB [ T5J 2G8 ]
email : seaether@yahoo.com,   website: http://tarite9.tripod.com

_____

[9]   See Exhibits A,B,C,O, Q,S,W.
[10]   See Doc. 10-13.

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared

with one of the fonts and points selections approved by the court in Local Rule

5.1B for documents prepared by computer.

[:Nanya-Shaabu:El: ® ]

_____

[:Nanya-Shaabu:El: ® ]
American Indian Indigenous Petitioner
and Postmaster

## CERTIFICATE OF SERVICE

I certify that on October 10, 2007 I have served the foregoing

MOTION TO VACATE RESPONDENTS MOTION TO DISMISS

by depositing a copy thereof for the Canada Post Corporation ,

postage paid and properly addressed, to ensure delivery upon the

following:

<div style="margin-left: 2em;">

DAVID E. NAHMIAS
UNITED STATES ATTORNEY
By and through
MELAINE A. WILLIAMS
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 057307
600 Richard B. Russell Bldg.
75 Spring Street, SW
Atlanta, Georgia 30303
(404)581-6063 (telephone)
(404)581-6150(facsimile)
</div>

OF COUNSEL:
MORRIS I. ONYEWUCHI
Assistant District Counsel
Department of Homeland Security
77 Forsyth Street, SW, Room 385
Atlanta, Georgia 30303

<div style="margin-left: 2em;">

[:Nanya-Shaabu:El:®] U.C.C. 1-308 Without Prejudice
American Indian Petitioner (I.N.A. § 289.1)

_____
Postmaster, Bailor and Secured party
United Nations IPO# 2718
C/O GD STN MAIN
EDMONTON, AB [ T5J 2G8 ]
780-271-9199 ( contact number)
email : seaether@yahoo.com
website: http://tarite9.tripod.com
</div>

# NEGATIVE AVERMENT OF [:NANYA-SHAABU:EL:®] AMERICAN INDIAN BORN IN CANADA

I, [:NANYA-SHAABU:EL: ®] ( I.N.A. § 289.1-3) do claim in this Negative Averment the following:

1. The Petitioner is not a native or citizen of Canada. A Copy of UCC Financing Statement is attached as Exhibit A.

2. DHS file Number A97 686 704 is not the property of the DHS. A copy of Kentucky UCC Financing Statement is attached as Exhibit B.

3. The Certificate of Birth of the Petitioner is not Property of the DHS or the Province of Alberta. See Exhibit C.

4. The Respondents have not produced the alleged authorization submitted to the Petitioner to remain in the United States for one year from date of admission to the United States on June 30,2004.

5. The Georgia State case 200057-ST-R-222-9 is not the property of the State Court or the STATE OF GEORGIA.

6. The Petitioner on May 22, 2006 did not own the vehicle he was stopped in and did not state he was a Canadian Born  American Indian to avoid arrest and prosecution. See Exhibit D.

7. The Petitioner on November 20,2006 was sentenced to time served in MDNC case number: 1:06CR171-3 see Exhibit E

8. The Respondents have not presented a copy of the alleged visa overstay. See Exhibit F

9. The Petitioner is not an Alien or an enemy combatant under the 1917 Trading with the Enemy Act.

10. The Petitioner was not convicted of a crime involving moral turpitude.

11. Nowhere, in the I-862 or I-831N, is there listed against the Petitioner a crime involving moral turpitude.

12. The Petitioner did not fail to comply with the terms of his voluntary departure. See Exhibit G.

13. The Petitioner does not have a Canadian passport. See Exhibit H.

14. The Petitioner does not need to appeal to the BIA for Immigration Case # 07C-85348. See Exhibit H.

15. The letter from the Canadian Consulate in Atlanta was not stamped at the Port of Entry as requested by the Canadian Consulate. A copy of the document attached as Exhibit I.

16. The Registration of a Live Birth is not the chattel property of Alberta see copy of UCC Financing Statement attached as Exhibit C.

17. The Petitioner does not have any of the Original Travel documents, tickets from June 21, 2007, nor the alleged deportation order of May 2, 2007 in his possession. A copy of Registered mail receipt to ICE Officer Settle is attached as Exhibit J.

18. State Court Case of Putnam County Georgia is not the property of the State of Georgia. See Exhibit K.

19. USM Number 23117-057 and Case Number 1:06CR171-3 are not property of the United States District Court for the Middle District of North Carolina, nor the U.S. Marshals. A copy of UCC Financing Statement attached as Exhibit L.

20. The Petitioner was not released to conduct his filed appeal in Case Number 1:06CR171-3. A copy of filed appeal is attached as Exhibit M.

21. The Petitioner was never presented a copy of the judgment in Case Number 1:06CR171-3 for the Middle District of North Carolina. A copy of probation terms attached as exhibit M.

22. The Petitioner was never presented with a copy of the Immigration detainer - Notice of Action.

23. The Petitioner did not sign the I-862 of his own free will, with full consent and knowledge of the contract and its particulars. A copy of UCC Financing Statement attached as Exhibit L.

24. The I-862 is not the property of DHS/ICE. See copy of UCC Financing Statement as Exhibits A,B ,C, L.

25. The Petitioner was not granted bond nor released from I.C.E. custody in accord with the voluntary departure order.

26. The Petitioner did not apply for voluntary departure.

27. The Petitioner was not and is not amenable to deportation. A copy of INS regulations attached as Exhibit O.

28. The Petitioner was never spoken to, written or visited by Ms. Laurel Currivan or any Canadian Consular Officer.

29. The May 9, 2007 letter by the Canadian Consulate General does not constitute formal proof of Canadian Citizenship. A copy of the letter is attached as Exhibit I .

30. The Petitioner did not enter the U.S. on June 30,2004 as a visitor.

31. The Petitioner did not live in Canada prior to June 30,2004. see copy of UCC Financing Statement attached as Exhibit A.

32. The Respondents have not presented a copy of the alleged Canadian Passport.

33. The Respondents have not presented a copy of the alleged I-94.

34. The Respondents have not presented a copy of the alleged visa issued by the United States government. See Exhibit H.

35. The Registration of a Live Birth is not the Chattel Property of the Province of Alberta. See Exhibits A and B.

36. The Petitioner was not presented the removal order until June 21,2007. See Exhibit J.

37. The Removal Order is not the property of DHS/ICE or the General Services Administration. See Exhibits B, L and N.

38. The Respondents have not returned the bid bond, payment bond, performance bond or CUSIP numbers of the Immigration and State court cases. See Exhibit K.

2

39. The Petitioner was not given a Financial Disclosure statement from the respondents.

40. The Petitioner is not an Alien subject to removal or a corporation and denies corporate existence. See Exhibit O.

41. The Petitioner is not under the judicial process of Title 48 U.S.C. § 874. See Exhibits D, P.

42. The Petitioner's name, res and vessel is not the property of respondents nor created under the laws of the corporate United States(sic). See Exhibit Q.

43. The Petitioner is not under Title 18 U.S.C. § 2 nor does it apply to Petitioner. See Exhibits P and R.

44. The Petitioner is not an Enemy combatant as defined by the Trading with the Enemy Act of 1917 Title 50 U.S.C. Appendix § 2.

**45.** The Petitioner is not a debtor or chattel property of the United States (sic), Canada (sic) or the IMF. The petitioner was not given back the Bid bond, Payment Bond or performance Bonds (GSA Forms 273,275 & 275 ) as requested regarding Immigration case No. 07C-85348. See Exhibits A, B, L, N, Q.

46. The Petitioner was not given a certified copy of the Warrant for INS form I-862 and I-831N, signed by a Judge.

47. The Petitioner was not given a certified copy of the charges or assessment for the charges for INS Form I-862, cases # XWS0712000002 and 07C-85348.

48. The Petitioner was not given certified audit trail of the accounting on the bond that bonded Immigration cases: XWS0712000002, 07C-85348 and State of Georgia case no.200057-ST-R-222-9.

**49.** The Petitioner did not sign any contract with INS nor does Petitioner's signature appear on any INS documents.

50. The Petitioner was not given a certified copy of the alleged B-1/B-2 visitor visa stamped by DHS/I.C.E.

51. The Petitioner was not given a certified copy of the balance sheet in discovery as required under Title 5 U.S.C. Sec. 552(b)4 and the Truth-in-Lending Act (TILA) ,Regulation 'Z'.

52. The Petitioner was not given a certified copy of FAS forms: 5, 95, 133,125, 140, and FR forms:  2049, 2046 ( the Balance Sheet ), 2099 which are required to be filed under Title 12 U.S.C. § 248 and § 347.

53. The Petitioner was not given a data integrity review hearing and a certified copy of the FAS forms: 5, 95, 133,125, 140, and FR forms  FR 2049, FR 2046 ( the Balance Sheet ), FR 2099  for the respondents and their related business partners.

54. The petitioner was not given cash/certified cheque/money order , gold/silver from the Respondents for Immigration Cases: No. XWS0712000002, 07C-85348 and Georgia State Court Case 200057-ST-R-222-9 commercial dishonor, after posting full settlement and closure of the cases and accounts under Rule 8 Fed. Rules of Civil Procedure  ( see HJR-192, Public Law 73-10) on January 19,2007. See Exhibit W.

55. The Petitioner was not given notice and the right to rescind the contract and deed, under Regulation 'Z' Truth-in-Lending

56. ( TILA), by the bank( Georgia State Court Clerk) when State court proceedings in case 200057-ST-R-222-9 were initiated.

57. The Respondents have not shown any document proving they are holder , holder-in-due-course, grantor or principal nor do respondents have the instruments in their possession.

**58.** The Respondents have not disputed, objected or rebutted any of the Petitioner's: affidavits, bonds, congressional records, International Bills of Exchange, constitutional claims, confederation claims, notarized statements, public advertisements, letters, faxes, certified mails, e-mails, financing statements, claims(maritime and otherwise) public filings, court filings, financial notices, legal notices , international notices nor petitioner's Indigenous/Autochthonous Standing as an American Indian Born in Canada; Petitioner's United Nations Indigenous Peoples Organization number: 2718 ; I.N.A. § 289.1-3 or any other documentation sent to them from petitioner regarding all instruments and documents pertaining to Immigration cases: XWS0712000002 , 07C-85348 and State of Georgia case No. 200057-ST-R-222-9. See Exhibit S.

*59.* The Respondents have not returned the Bid, Payment or Performance Bonds, or given petitioner and movant currency/gold/silver/certified money order/cashier's check/ for the closing or settling of Immigration cases: XWS0712000002 , 07C-85348 and State of Georgia Case: 200057-ST-R-222-9. See Exhibits K, S.

60. The Respondents have not shown the accounts payable and the account receivable, under G.A.A.P., set of books to the Petitioner and the movant , the 3rd party debt collector or issued a Statement 95 to the Petitioner and the movant in regards to the instrument and proceeds generated by the respondents regarding Immigration cases: XWS0712000002 , 07C-85348 and State of Georgia Case: 200057-ST-R-222-9 and the respondents  have not provided the **petitioner and the movant** with their S-3 registration statement, 424-B5 Prospectus and RC-S & RC-B Call Schedule.

61. The Petitioner and the movant has not received a voucher, cheque, certified money order or any of the disbursements, documents , receipts, products , proceeds, and  fixtures regarding for Immigration cases No. 07C-85348 and XWS0712000002 and State of Georgia Case No. 200057-ST-R-222-9.

62. The Petitioner and movant has not been given back the CUSIP Number for Immigration cases No. 07C-85348 and XWS0712000002 and State of Georgia Case No. 200057-ST-R-222-9. See Exhibit K.

63. The Petitioner and movant has not been given certified copy of the total bill, post settlement and closure of the account for Immigrations case No. 07C-85348 and XWS0712000002 and State of Georgia Case No. 200057-ST-R-222-9. See Exhibit T.

64. The I-831 and I-862 are under the Maritime Law of Boxing and are located in an enclosed area and cannot be considered.

4

65. The Petitioner and movant has not been given a dishonor notice from Henry M. Paulson Secretary of the Treasury of the United States or Secretary of the Treasury of Puerto Rico Juan C. Mendez Torres ( Title 31 U.S.C. § 5118, Public Law 73-10) for Immigration cases No. 07C-85348 and XWS0712000002 and State of Georgia Case No. 200057-ST-R-222-9. see Exhibits K, T, U.

66. The Petitioner and the movant has not been given name of the Insurance Company who bought the bid bond for State Court of Georgia CASE No.: 200057-ST-R-222-9, from Gregory J. Leonard( U.S. District Court Clerk – Macon Division). The petitioner and movant has not been returned the Bid, Payment, and Performance bonds from Sheila Layson (Clerk of Putnam State Court) or Gregory J. Leonard( U.S. District Court Clerk – Macon Division)for State Court of Georgia Case no.200057-ST-R-222-9. See Exhibits K, T, U.

67. The petitioner and movant has not been shown or given form *1099-OID*, disclosing who the principal is from, which capital and interest were taken and who the recipient is and who the payer of the funds are and who is holding the account in escrow and unadjusted.

68. The Petitioner and movant has not been given the assessed value for: Immigration cases No. 07C-85348 and XWS0712000002 and State of Georgia Case No. 200057-ST-R-222-9. see Exhibits K,T, U.

69. The Respondents failed to state a claim upon which relief can be granted.

70. The Petitioner and the movant was not given full disclosure of who is the holder-in-due-course for: Immigration cases No. 07C-85348 and XWS0712000002 and State of Georgia Case No. 200057-ST-R-222-9.

71. The Petitioner was not given a certified copy of the oath of office of the respondents under the Trading with the Enemy Act Title 50A U.S.C. § 7(e), § 9, §12 and Title 5 U.S.C. § 3331. See Exhibits P, W, *supra*( see Doc. 10-13).

72. The Respondent's have not disputed that petitioner is an American Indian Born in Canada possessing 50 per centum of the blood of the American Indian Race. I.N.A. § 289.1-3. See Exhibits O, Q, S.

73. The Petitioner and the movant was not given *full legal capacity* for the I-862, I-831N (Title 18 U.S.C.§241, §242 ) & *knowledge, nor reasonable opportunity to learn of its character or its essential terms" ( U.C.C. § 3-305).*

74. The Petitioner cannot be held liable for any act signed by the president under Title 50 U.S.C. Appendix sections §7(c) and §7(e), 1917 Trading with the Enemy Act; Presidential Proclamation 7500; Executive Order 13107 and May 11,1955 Congressional record page A3220, entered by Hon. Lawrence H. Smith of Wisconsin.

75. The Petitioner and his personal property are not subject to unlawful and illegal, search, seizure ,kidnapping or levy. See Exhibit A, B.

76. The Petitioner has never at any time has resided at 77 Forsyth Street Rooms G-80 or G 81 in Atlanta, Georgia.

77. The Petitioner is not a citizen of Canada.

78. The Petitioner is not a corporation or artificial person.

79. The Petitioner has not been compensated or restituted for unauthorized use of his Intellectual Property. See Exhibits A, B, U.

80. The Respondents have not filed any objections or rebuttals to the Petitioner's habeas corpus, in the time mandated by Fed Rules of Civ. P. , *supra*.

81. The Respondents have not objected to the fact that they are already in default and commercial dishonor. See Exhibit B, L, W.

82. The Respondents have no claims, remedy or relief for their motion of September 19,2007. See Exhibits A, B, C, D, F, I, J, K, L, N, O, P, Q, R, S,W.

83. The State of Georgia Case No. 200057-ST-R-222-9 was not a lawful or legal case and the proceedings were not governed by the constitution for the united states of America, nor was there any law with an enacting clause cited in the court proceedings. See Exhibit P.

84. The Respondents do not deny there is already an agreement in place since 2005 to unify, Canada, Mexico and the United States as the North American Union.

85. The Respondents do not deny that Canada is Already a part of the United States Under the 1778 Articles of Confederation and Perpetual Union Art. XI. See Exhibit Z.

86. The Respondents do not deny that the Petitioner is a Postmaster Recognized by the President of the United States of America The Honorable George W. Bush; the United States Postmaster-General John E. Potter; the Internal Revenue Service; the Secretary of the Treasury of Puerto Rico Juan C. Mendez Torres; United Nations and Canada Post. See Exhibits S, W, X, Z.

87. The Respondents do not deny that the Petitioner is an Indigenous Native American recognized by the United Nations. See Exhibit S.

88. The Respondent do not deny that the Petitioner was already living in the Georgia Republic State, and was visiting Canada. See Exhibit A, K.

89. The Respondents do not deny they are in commercial default and dishonor with no remedy or relief for them. See Exhibit L.

90. The Respondents do not deny that the United States is a Bankrupt Federal Corporation. See Exhibit X.

91. The Respondents  do not deny that they have violated the constitutional rights of the Petitioner. See Exhibit P.

6

**International Commercial Notice**

Lack of written response, no written response, acquiescence by the Respondents to this negative averment by not documentation, forms, notes, contracts, disbursements , receipts, cheques and payments to the American Indian/Principal/Bailor/Secured Party/Lien Holder as required by law ( TILA, Section 226.23) Immediately, the Respondents agree that all processes, claims , notices and public filings advertised, filed and utilized by the American Indian/Principal/Bailor/Secured Party/Lien Holder are valid, lawful and enforceable in favor of the American Indian/Principal/Bailor/Secured Party/Lien Holder. The Respondents agree that the American Indian/Principal/Bailor/Secured Party/Lien Holder may initiate involuntary bankruptcy proceedings against the Respondents and they consent by their actions and inactions that the American Indian/Principal /Bailor/Secured Party/Lien Holder may proceed against all the Respondents in their personal as well as their professional capacity, by taking the Respondents into a foreign proceeding to be prosecuted.  See United Nations convention on the law International law of the Sea. See Exhibit X.

**Jurisdictional Statement**

All claims in this instrument done by the Principal/Bailor/Secured Party are within the Admiralty, Title 28 U.S.C. §1333 and Title 50A § 7(c), §7(e), §9, United Nations Convention on the Law of the Sea of 10 December 1982, agreed and consented to by The Respondents. (See: *Suits in Admiralty Act*, *The Bill of Lading Act*, *The Admiralty Extension Act* and *the Foreign Sovereign Immunity Act*.)

**Jurat**

The Province of Alberta ( 1913 Statute of Westminster); 1778 Articles of Confederation and Perpetual Union XI; 1787 constitution for the united states of America; the 1945 Charter of the United Nations, Articles 55 and 56. I.N.A. §289.1-3.

This Negative Averment is executed without the United States and pursuant to Title 48 § 1746(1) I declare under penalty of perjury of the laws of the Yamassee Native American Moors, that the foregoing is true and correct to the best of my knowledge and belief this 10th day of October 2007.

*I certify that :Nanya-Shaabu: El satisfied me that he was a person entitled to affirm .*

U.C.C. 1-308 All Rights Reserved

By: [ :Nonya-Shaabu: El ]
I.N.A.§289.1-2; Title 8 U.S.C. 1359

By: [ :Nanya-Shaabu: El ]   U.C.C. 1-308 All Rights Reserved

Affirmed before me                              )
At _Edmonton,_____      )
                                                               )
In the Province of Alberta                   )
                                                               )
This _10th_ day of _October_____  )
                                                               )
                                                               )
20_07_                                                    )
                                                               )
                                                               )
_____ )
Notary Public in and for the Province of Alberta.

American Indian (I.N.A. § 289.1)
Postmaster, Bailor and Secured party
United Nations IPO# 2718
C/O GD STN MAIN
EDMONTON, AB [ T5J 2G8 ]
780-271-9199 (contact number)
email : seaether@yahoo.com
website: http://tarite9.tripod.com

MY APPOINTMENT EXPIRES
Does not Expire

**JAMES M. CULKIN**
**BARRISTER & SOLICITOR**

7