IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 07 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| SEAN WESLEY HENRY, <br> a.k.a. NANYA-SHAABU:EL, <br>     Petitioner, | PRISONER HABEAS CORPUS <br> 28 U.S.C. § 2241 |
| v. | CIVIL ACTION NO. <br> 1:07-CV-1185-CAM |
| ALBERTO GONZALES, United States Attorney General, et al., <br>     Respondents. | |

## ORDER

Petitioner, Sean Wesley Henry, seeks via 28 U.S.C. § 2241 to challenge the constitutionality of his current detention by the Bureau of Immigrations and Customs Enforcement ("ICE"). Respondents have filed a motion to dismiss (Doc. 14), contending that the petition should be dismissed as moot because Petitioner was removed to Canada on June 21, 2007.

When there is no longer a case or controversy to litigate in a habeas corpus action, and a favorable decision on the merits would not entitle the petitioner to any additional relief, the habeas petition is moot. See Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002); Malloy v. Purvis, 681 F.2d 736, 737 (11th Cir. 1982).

In this case, Petitioner has already been removed to his native country of Canada and is not in ICE custody. (Declaration of Morris I. Onyewuchi, ICE

AO 72A
(Rev.8/82)

Assistant Chief Counsel, Atlanta District at ¶ 15). Thus, release from detention is no longer a remedy available from this Court. Because Petitioner has been removed from the United States, the case is moot, and accordingly, the instant habeas corpus petition should be dismissed.

Based on the foregoing, **IT IS ORDERED** that Respondents' motion to dismiss (Doc. 14) be **GRANTED**, and Petitioner's habeas corpus petition (Doc. 1) be **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that all other motions[1] pending in this action be **DENIED** as moot.

**IT IS SO ORDERED**, this 7th day of November, 2007.

_____
CHARLES A. MOYE, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[1]To the extent that Petitioner seeks in his motions to challenge his removal order, he cannot do so in this Court. On May 11, 2005, Congress enacted the "REAL ID Act of 2005," which amends section 242 of the Immigration and Naturalization Act, 8 U.S.C. § 1252, to place review of all final removal orders, for both criminal and non-criminal aliens, in the courts of appeals. See 8 U.S.C. § 1252(a)(5), amended by REAL ID Act of 2005, Div. B, Sec. 106, Pub. L. No. 109-13, 119 Stat. 231 at 310-11. Thus, this Court does not have jurisdiction to consider a challenge by Petitioner to his removal order.